UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

WILLIAM S. GONTE,

       Defendant.

_____/

Case No. 20-20380

Honorable Nancy G. Edmunds

FILED UNDER SEAL

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ALLOW USE OF MATERIAL SUBJECT TO A PROTECTIVE ORDER [159 *SEALED*]**

This matter is before the Court on Defendant William Gonte's motion to modify a stipulated protective order regarding a portion of the evidence in this case. (ECF No. 159.) The Court has reviewed the record in its entirety and, for the reasons below, DENIES Defendant's motion.

**I.    Background**

In August of 2020, Defendant Gonte was charged with crimes relating to fraud. Because discovery would be extensive and would include confidential details and the financial information of third parties, the Court entered a protective order over "all discovery material" as agreed to and stipulated by the parties. (ECF No. 21, PageID.90.) The protective order restricted all discovery material and information to use "only with the litigation of this case and for no other purpose." (*Id.* at PageID.91.) The Court dismissed the indictment against Gonte on September 12, 2022. (ECF No. 152.) The Government voluntarily dismissed its appeal on December 6, 2022. (ECF No. 156.)

In December of 2022, a civil lawsuit related to one financial transaction discussed in one debriefing made during discovery in Gonte's criminal case was filed in state court. (ECF No. 159 *SEALED*, PageID.2949.) Defendant Gonte seeks to modify the protective order 14 months after the conclusion of litigation in his case to have access to the four pages of this debriefing for use in the civil case. (*Id.* at PageID.2952.) Gonte is not a party in the civil case.

## II.     Legal Standard

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  A challenge to a protective order requires a defendant to demonstrate "substantial prejudice" to overcome the order. *United States v. Davis*, 809 F.2d 1194, 1210 (6th Cir.1987); *United States v. Montgomery*, 592 F. App'x 411, 417 (6th Cir. 2014).

## III.    Analysis

Protective orders are commonly used to ease the burden of discovery and protect confidential information. *See e.g. United States v. Faller*, No. 1:13CR-00029-JHM, 2015 WL 13376561 (W.D. Ky. Aug. 28, 2015) (where a substantial amount of discovery material involved private information regarding non-parties' tax records, social security numbers and other sensitive information, and where the number of documents involved in the discovery made redaction impractical and a protective order was more appropriate.). For this reason, there was good cause for the stipulated protective order.

Defendant argues there is substantial basis for a limited modification of the order because material produced during discovery here contradicts statements made in the new civil action. However, alternate uses for discovery materials in other litigation was

2

foreseeable at the time the protective order was entered. As the Government points out, it was a possibility contemplated by the agreement. (ECF No. 161, PageID.3003.) Finally, other courts have been reluctant to find substantial prejudice when the defendant seeking modification is not a party in the lawsuit where they intend to use it. *See, e.g. Faller*, No. 1:13CR-00029-JHM, 2015 WL 13376561, at *4 (finding that it is improper for the court to rescind a protective order for a defendant on behalf of other persons.). Because Defendant failed to establish substantial prejudice, the Court declines to modify the protective order.

## IV.    Conclusion

For the foregoing reasons, Defendant's motion to modify the protective order is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 25, 2024


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2024, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager
